1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  WESLEY W. HUNTER,                              Civil No.   06-2414 IEG (BLM)
12                          Petitioner,
                                                   **ORDER DISMISSING CASE**
13           v.                                    **WITHOUT PREJUDICE AND WITH**
                                                   **LEAVE TO AMEND**
14  G.J. GIURBINO, Warden
15                          Respondent.

16      Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas
17  Corpus pursuant to 28 U.S.C. § 2254.
18                      **FAILURE TO SATISFY FILING FEE REQUIREMENT**
19      Petitioner has failed to either pay the $5.00 filing fee or move to proceed in forma
20  pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or
21  qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.
22                      **FAILURE TO NAME A PROPER RESPONDENT**
23      Review of the Petition reveals that Petitioner has failed to name a proper respondent. On
24  federal habeas, a state prisoner must name the state officer having current custody of him as the
25  respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28
26  U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to
27  name a proper respondent. *See id.*
28  ///

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "G..J. Giurbino," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **CONCLUSION**

Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to amend due to Petitioner's failure to satisfy the filing fee requirement and name a proper respondent. To have this case reopened, Petitioner must **no later than January 12, 2007**: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, **AND** (2) file a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE**

///

///

**CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS FORM AND A BLANK FIRST AMENDED PETITION FORM.**

   **IT IS SO ORDERED.**

DATED:  November 7, 2006

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**