UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY W. HUNTER,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>JAMES TILTON, SECRETARY,<br><br>　　　　　　Respondent. | Civil No. 06cv2414-IEG (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 24] |

　　　　This Report and Recommendation is submitted to United States District Judge Irma E. Gonzalez pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

　　　　On April 9, 2007, Petitioner Wesley W. Hunter, a state prisoner appearing *pro se*, filed the First Amended Petition for Writ of Habeas Corpus ("Amended Petition") currently before the Court. Doc. No. 15. In his Amended Petition, Petitioner alleges four grounds for relief. Id.

　　　　On July 11, 2007, Respondent filed a motion to dismiss alleging that the Amended Petition is procedurally defective because Petitioner failed to exhaust his state court remedies and because

1 Petitioner failed to file his federal petition within the applicable
2 one-year statute of limitations set forth under 28 U.S.C.
3 § 2244(d)(1). Doc. No. 24 at 3. Petitioner timely opposed the
4 motion. Doc. No. 30.

5 This Court has considered the Amended Petition, Respondent's
6 Motion to Dismiss and accompanying memorandum, Petitioner's
7 Opposition to Respondent's Motion to Dismiss, and all supporting
8 documents submitted by the parties. For the reasons set forth
9 below, this Court **RECOMMENDS** that Respondent's Motion to Dismiss
10 Petition for Writ of Habeas Corpus [Doc. No. 24] be **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

12 Petitioner challenges a prison disciplinary action taken
13 against him, which arose from an incident that occurred on April 22,
14 2002. Am. Compl. at 1 and Ex. E at 17. On that date, Correctional
15 Officer Quinn attempted to hand Petitioner a form while Petitioner
16 was engaged in a telephone conversation. Id. Petitioner refused to
17 take the form, so Officer Quinn dropped it on the floor and turned
18 to walk away. Id. Petitioner confronted him for dropping the paper
19 instead of waiting for Petitioner to finish his call and thereafter
20 bumped Officer Quinn on the chest with his chest. Id. at attached
21 memorandum at 7 and Ex. E at 17.

22 As a result, Petitioner was issued a Rules Violation Report
23 ("RVR") for battery on a peace officer. Id., Ex. E at 17. A
24 hearing on the matter was held on May 22, 2002, at which time
25 Petitioner was found guilty by a preponderance of the evidence and
26 assessed forfeiture of 150 days of behavioral credits. Id.
27 ///
28 ///

Petitioner appealed and on March 24, 2003, his appeal was granted in part at the Director's Level[1] and the matter was sent back for rehearing. Id., Ex. L at 41. On May 20, 2003, a new hearing on the RVR was held and Petitioner again was found guilty of battery and assessed forfeiture of 150 days of behavioral credits. Id., Ex. O at 47-51.

Petitioner's second round of appeals challenging the decision to rehear the RVR and the outcome of the hearing was denied at the Director's Level on November 18, 2003. Id., Ex. K at 60.

On January 26, 2004, Petitioner received a Second Level Appeal Response granting a separate appeal he had filed, which sought to have eight points restored to his classification score because the simple battery did not involve an "apparent and present ability to inflict injury."[2]

On October 27, 2004, Petitioner filed a habeas petition in the Superior Court for the County of Imperial challenging the

---

[1] The administrative appeal system for California inmates is described in Title 15 of the California Code of Regulations. Under these regulations, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 C.C.R. § 3084.1(a). An inmate wishing to exhaust his or her remedies must complete four steps: (1) fill out a complaint form (generally termed a "602" form), present it to the prison official involved, and attempt informal resolution; (2) if not resolved, file for and receive a first formal level decision; (3) if relief is not granted at the first formal level, file for and receive a second formal level decision; and (4) if relief is not granted at the second level, file for and receive a third level decision from the Director of Corrections. 15 C.C.R. § 3084.5.

[2] According to the Second Level Appeal Response, "[t]he Title 15 notes that the eight points shall not be added for offensive touching or simple battery where there was no apparent and present ability to inflict injury." Am. Compl., Ex. T at 65.

1  November 18, 2003 Director's Level denial of his appeal.  Lodgment
2  2 at 3-4 (and page 3 of the attached "supporting facts").  The
3  superior court denied his petition on March 25, 2005 (Lodgment 3),
4  and Petitioner filed a habeas petition in the California Court of
5  Appeal on April 20, 2005 (Lodgment 4).  The court of appeal denied
6  his petition on May 23, 2005.  Lodgment 5.

   On October 25, 2006, Petitioner filed a habeas petition in
   the California Supreme Court (Case No. S147550).[3]  Lodgment 6.  That
   court denied the petition on November 15, 2006.  Lodgment 7.

   Petitioner filed a federal petition in this Court on October
   30, 2006, but the case was dismissed without prejudice and with
   leave to amend due to Petitioner's failure to pay the filing fee and
   name the proper respondent.  Doc. Nos. 1 & 2.  The Amended Petition,
   which is the operative pleading in this case, was filed on April 9,
   2007.  Doc. No. 15.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2006).

---

[3] As the Court will discuss more thoroughly below, this petition raised two claims, one of which appears in his federal petition.  Petitioner also filed an eight-claim habeas petition in the California Supreme Court on May 15, 2006 (Case No. S143421) (Lodgment 8), but none of those eight claims appear in his federal petition.  The California Supreme Court denied the habeas petition in Case No. S143421 on June 14, 2006.  Lodgment 9.

**DISCUSSION**

Respondent submits that the Amended Petition must be dismissed because Petitioner failed to exhaust his state court remedies for all of the claims and because it is barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Resp't Mem. at 3. Specifically, though Petitioner has filed two habeas petitions in the California Supreme Court, Respondent argues that only one relates to the 2003 disciplinary action and even then, the state petition raised different claims than those presented in the instant federal petition. Id. at 5-6 and n.9. As such, Respondent contends that the Amended Petition is unexhausted. Id. at 4-6. Additionally, Respondent argues that the Amended Petition is untimely because even if Petitioner is given the benefit of statutory tolling for the period during which his state habeas petitions were pending, he still filed his federal petition eighty-five days after the limitations period expired. Id. at 9-10. Moreover, in Respondent's view, Petitioner is not entitled to statutory tolling for the 521 days that elapsed between the court of appeal's ruling and the date on which he filed his California Supreme Court petition in Case No. S147550. Id. at 10-11.

Petitioner responds that Respondent's calculations are off on several points. First, Petitioner argues that the appeals process concerning the matters presented in the Amended Petition was not completed until January 26, 2004, when Petitioner's appeal was granted at the Second Level. Pet'r Opp'n at 1. Next, Petitioner contends that he filed the applicable California Supreme Court habeas petition on May 12, 2006, not October 25, 2006. Id. at 2. In response to Respondent's allegation that Petitioner did not raise

1  any of his claims in his state court pleadings, Petitioner argues
2  that his petitions essentially remained unchanged throughout the
3  writ/appeal process so all of the claims are exhausted. Id. at 3-4.
4  Finally, Petitioner notes that he was not always able to access his
5  legal materials because he was shuffled between prisons between July
6  26, 2006 and September 29, 2006, and again between December 26, 2006
7  and April 26, 2007. Id. at 2-3.

8  **A.       The AEDPA's Statute of Limitations**

9        The Antiterrorism and Effective Death Penalty Act of 1996
10 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of
11 limitations on petitions for writ of habeas corpus filed by state
12 prisoners. 28 U.S.C. § 2244(d) (West Supp. 2006). Section
13 2244(d)'s one-year limitations period applies to all habeas
14 petitions filed by persons in "custody pursuant to the judgment of
15 a State court," see id. § 2244(d)(1), even if the petition
16 challenges an administrative decision rather than a state court
17 judgment. See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir.
18 2004).

19       The one-year limitations period runs from the latest of:

20     (A)   the date on which the judgment became final by
       the conclusion of direct review or the expiration of
21         the time for seeking such review;

22     (B)   the date on which the impediment to filing an
       application created by State action in violation of
23         the Constitution or laws of the United States is
       removed, if the applicant was prevented from filing by
24         such State action;

25     (C)   the date on which the constitutional right
       asserted was initially recognized by the Supreme
26         Court, if the right has been newly recognized by the
       Supreme Court and made retroactively applicable to
27         cases on collateral review; or

28 ///

>(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Where, as here, a habeas petitioner challenges an administrative decision, section 2244(d)(1)(D) applies. See Shelby, 391 F.3d at 1066 (holding that limitations period on prisoner's challenge to disciplinary action began to run the day after his administrative appeal was denied); Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003) (concluding that the "factual predicate" for Redd's claim arose when the parole board denied his administrative appeal); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (explaining that under § 2244(d)(1)(D), the limitations period begins to run when a "prisoner knows (or through diligence could discover) the important facts [on which his claims rely], not when [he] recognizes their legal significance").

In this case, the "factual predicate" of Petitioner's federal habeas claims arose on November 18, 2003, when his administrative appeal challenging the decision to rehear the RVR and the outcome of the hearing was denied at the Director's Level — the highest level of administrative review. Thus, the AEDPA limitations period began running the next day and, absent tolling, expired one year later on November 18, 2004. Because Petitioner did not file his federal habeas petition until October 30, 2006, well after the limitations period expired, this Court will analyze whether Petitioner is entitled to statutory or equitable tolling.

**1.   Statutory Tolling**

The statute of limitations is not tolled from the date the factual predicate of the claims presented could have been discovered

through the exercise of due diligence to the time the first state collateral challenge is filed. See Redd, 343 F.3d at 1084-85; see also Watson v. Woodford, 2007 WL 2693846, *1 (9th Cir. 2007) (acknowledging that statutory tolling during the pendency of state collateral review also applies to federal petitions challenging administrative decisions). Here, the limitations period commenced on November 19, 2003, and did not stop until Petitioner filed his first state habeas petition in the superior court on October 27, 2004. Thus, this 343-day period is not tolled.

The AEDPA does toll its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); Redd, 343 F.3d at 1084. In Carey v. Saffold, 536 U.S. 214 (2002), the Supreme Court determined that the time an application for state post-conviction review is "pending" includes the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. See Carey, 536 U.S. at 222-23. Under California's system of collateral review, a request for review[4] is considered timely if it is filed within a "reasonable time." Id. at 222. The Carey Court explained that where a state's law, like California's, fails to clarify what constitutes a "reasonable time," federal courts must examine the reasonableness of any delay in filing for successive state

---

[4] Under California's collateral review system, an original habeas petition challenging a lower court's adverse decision is the equivalent of a notice of appeal. See Carey, 536 U.S. at 221.

1 | collateral review on a case by case basis. Id. at 222, 226-27.
2 | However, the Carey Court did not clearly delineate what that
3 | reasonableness analysis should entail. Id. at 226-27.
4 | The Supreme Court revisited the problem presented by
5 | California's indeterminate, "reasonable time" rule and its effect on
6 | the tolling of the AEDPA's limitations period in Evans v. Chavis,
7 | 546 U.S. 189 (2006). In Evans, the Court not only reiterated the
8 | reasoning it set forth in Carey, but also provided guidance on how
9 | to conduct the aforementioned "reasonableness" analysis.
10 | Specifically, the Evans Court instructed that until California
11 | courts provide otherwise, federal courts reviewing habeas petitions
12 | must assume that California's timeliness law does not differ
13 | significantly from those states with determinate appeal periods.
14 | Id. at 199-200. The Evans Court underlined that most states provide
15 | determinate appeal periods of thirty to sixty days. Id. at 201
16 | (repeating this assertion from Carey). From this, the Court held
17 | that the Evans petitioner's unjustified and unexplained six-month
18 | delay in filing was more than the California courts would consider
19 | reasonable. Id. As such, the Evans Court concluded that an
20 | unexplained delay of six months is presumptively unreasonable. Id.
21 | (emphasizing that it could not "see how an unexplained delay of this
22 | magnitude could fall within the scope of the federal statutory word
23 | "pending" as interpreted in [Carey]").
24 | In this case, Petitioner filed his first state habeas
25 | petition in the superior court on October 27, 2004. Lodgment 2.
26 | When the superior court denied the petition on March 25, 2005, he
27 | promptly filed a habeas petition in the court of appeal on April 20,
28 | 2005. Lodgments 3 & 4. The appellate court denied his petition on

1  May 23, 2005. Lodgment 5. Given that less than thirty days elapsed
2  between the denial of his first petition and his filing of the next,
3  Petitioner is entitled to statutory tolling for the entire period
4  between October 27, 2004 and May 23, 2005. Evans, 546 U.S. at 201.

5  However, Petitioner did not apply for collateral review in
6  the California Supreme Court until October 25, 2006 - 521 days after
7  the court of appeal's adverse decision on his prior habeas petition.
8  Lodgment 6. Evans dictates that an unexplained delay of six months
9  or more is presumptively unreasonable. Evans, 546 U.S. at 201.
10 Thus, absent an acceptable explanation, Petitioner's delay of nearly
11 a year and a half is unreasonable and this time period should not be
12 tolled. Id.

13 The only argument Petitioner presents in response is that he
14 actually filed his habeas petition in the California Supreme Court
15 on May 12, 2006, not October 25, 2006. However, the petition to
16 which Petitioner refers (Case No. S143421) does not contain any
17 claims related to the April 22, 2002 RVR and subsequent disciplinary
18 hearings. See Lodgment 8. To the contrary, the eight claims in
19 that habeas petition relate to an RVR issued on April 23, 2004,
20 which addressed Petitioner's possession of a controlled substance
21 (and the subsequent order reclassifying the RVR to include the
22 intent to distribute). Id. And, none of the claims asserted in the
23 S143421 petition are presented in Petitioner's federal petition at
24 issue in this case. Finally, even using the May 12, 2006 date,
25 Petitioner's one-year delay in filing his habeas petition in the
26 California Supreme Court still would be presumptively unreasonable
27 under Evans.
28 ///

Therefore, this Court finds that statutory tolling is warranted in this case only for the periods between October 27, 2004 and May 23, 2005, when Petitioner's habeas petitions were pending in the superior court and court of appeal, and October 25, 2006 to November 15, 2006, when his petition was pending before the California Supreme Court. Given that 343 days of the one-year limitations period had expired before Petitioner even filed his petition in the superior court, the limitations period that began to run again on May 23, 2005, expired long before Petitioner filed his petition in the California Supreme Court 521 days later on October 25, 2006.[5] Thus, in order for the federal petition to be considered timely, Petitioner must demonstrate that he is entitled to equitable tolling.

### 2. **Equitable Tolling**

In the Ninth Circuit, the AEDPA's one-year statute of limitations is subject to equitable tolling.[6] See Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner

---

[5] The result would be the same even if the Court accepted Petitioner's argument that the limitations period did not begin to run until January 26, 2004, when the prison granted his appeal and restored eight points to his classification score. See Pet'r Opp'n at 1. Under Petitioner's reasoning, 274 days would have expired on the limitations period before he filed in the superior court. This figure, added to the 521 untolled days following the court of appeal's denial, still greatly exceeds the AEDPA's one-year cutoff.

[6] The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005) (assuming without deciding that equitable tolling applies to the AEDPA's limitations period).

1   demonstrates two specific elements: "(1) that he has been pursuing
2   his rights diligently, and (2) that some extraordinary circumstance
3   stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).
4   "[T]he threshold necessary to trigger equitable tolling [under the
5   AEDPA] is very high, lest the exceptions swallow the rule." Miranda
6   v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).
7   Petitioners face such a high bar in order to effectuate the "AEDPA's
8   statutory purpose of encouraging prompt filings in federal court in
9   order to protect the federal system from being forced to hear stale
10  claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003)
11  (citing Carey, 536 U.S. at 226). As a result, when assessing a
12  habeas petitioner's argument in favor of equitable tolling, courts
13  must conduct a "highly fact-dependent" inquiry. Whalem/Hunt v.
14  Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); Lott v.
15  Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

16       While Petitioner does not request the benefit of equitable
17  tolling specifically, he does note in his opposition that from July
18  26, 2006 to September 29, 2006, he was shuffled between three
19  different prisons and did not have access to his property, including
20  his legal documents.[7] Pet'r Opp'n at 2-3. Petitioner attaches a
21  chronological history from the Department of Corrections as
22  documentary evidence of this fact. The Ninth Circuit repeatedly has
23  concluded that equitable tolling may be appropriate when a prisoner
24  is denied access to his legal files. See Espinoza-Matthews v.

---

[7] Petitioner makes the same claim for the period between December 26, 2006 and April 26, 2007, but because this time period falls after Petitioner filed his tardy California Supreme Court petition, it does nothing to advance his argument.

1  California, 432 F.3d 1021 (9th Cir. 2005); Lott v. Mueller, 304 F.3d
2  918, 924 (9th Cir. 2002).  However, in Petitioner's case, even if
3  the Court found that this excuse constituted an "extraordinary
4  circumstance" and equitably tolled this sixty-six day period, see
5  Pace, 544 U.S. at 418, the limitations period that began to run
6  again on May 23, 2005, still expired long before Petitioner filed
7  his petition in the California Supreme Court on October 25, 2006.
8  Accordingly, Petitioner's federal petition is untimely even with
9  statutory and equitable tolling and, therefore, this Court
10 **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on this
11 basis.
12 **B.     Exhaustion**
13       Respondent also argues that the Amended Petition is
14 unexhausted because Petitioner did not fairly present any of the
15 four claims in the Amended Petition in the habeas petitions he filed
16 in the California Supreme Court.  Resp't Mem. at 3.  Petitioner
17 submits that his claims are exhausted because his petitions
18 essentially remained unchanged throughout the writ/appeal process.
19 Pet'r Opp'n at 3-4.
20       The exhaustion of available state judicial remedies is a
21 prerequisite to a federal court's consideration of claims presented
22 in habeas corpus proceedings.  28 U.S.C. § 2254(b); see Rose v.
23 Lundy, 455 U.S. 509, 522 (1982); McQueary v. Blodgett, 924 F.2d 829,
24 833 (9th Cir. 1991).  Exhaustion of a habeas petitioner's federal
25 claims requires that they have been "fairly presented" in each
26 appropriate state court, including a state supreme court with powers
27 of discretionary review.  Baldwin v. Reese, 541 U.S. 27, 29 (2004).
28 However, claims are not exhausted by mere presentation to the state

appellate system.  A petitioner also must "alert[] [the state] court to the federal nature of the claim."  Id. at 29.  A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal."  Id. at 32.[8]

In his Amended Petition, Petitioner presents four claims for relief, which may be summarized as follows: (1) Petitioner was denied due process when he was subjected to harsh penalties for the battery charge without first being issued fair warning and notice that **any** contact with an officer is a battery; (2) the disciplinary finding resulting from the battery charge was not supported by a preponderance of the evidence because no evidence showed that Petition committed a "willful act of violence" (a Fourteenth Amendment violation); (3) Respondent violated his Fourteenth Amendment due process rights by (a) refusing to locate witnesses, (b) allowing witnesses to refuse to testify, and (c) not requiring all witnessing officers to file reports; and (4) Respondent violated his Eighth and Fourteenth Amendment rights by using excessive force against him (i.e. Correctional Officer Quinn should have asked him to turn and cuff up instead of throwing him to the ground).  Am. Pet. at 6-9.  As previously noted, Petitioner did not present any of these claims to the California Supreme Court in Case No. S143421,

---

[8]     Though federal courts have not been entirely consistent in specifying the quantum of federal authority a habeas petitioner must present to the state court, the Supreme Court's decision in Baldwin implies that a relatively undeveloped reference to federal principles suffices.  But see, Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (unelaborated appeals to broad constitutional principles insufficient to alert state court to particularized federal claims); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland).

which relates only to an RVR issued on April 23, 2004, for possession of a controlled substance and the subsequent order reclassifying the RVR to include the intent to distribute. See Lodgment 8. Nor do any of these claims correspond to the allegations set forth in the second of the two claims presented to the California Supreme Court in Case No. S147550.

Petitioner did, however, fairly present Claim 2 of the Amended Petition to the California Supreme Court in Case No. S147550. The first claim of that petition avers that Petitioner suffered disproportionate penalties in violation of the Fourteenth Amendment because there was no act of "willful force and violence" and no injury attempted or intended. Lodgment 6 at 3. While Respondent argues that this claim materially differs from Claim 2 of the Amended Petition because the state claim focused on Petitioner's opinion that the evidence supported only a charge of attempted battery while the federal claim focused on the fact that there was no evidence that Petitioner's conduct was willful (Resp't Mem. at 6), Respondent construes the claims too narrowly. Claim 1 of the state petition alerted the California Supreme Court to the Fourteenth Amendment due process grounds upon which the claim is based, Baldwin, 541 U.S. at 29, and to the fact that Petitioner believes the penalties he suffered as a result of being found guilty of battery were unduly harsh in light of the fact that the evidence did not support a battery charge (because it did not show that he acted with willful force or violence, as these terms are described in the prison regulations). In other words, the thrust of Petitioner's claims in both courts is that the evidence did not support the offense charged and, therefore, the penalty he suffered

was disproportionately harsh.  This Court must liberally construe pleadings by *pro se* litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructing that courts must construe *pro se* habeas filings liberally) and Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (same), and in light of this fact, the Court finds that Claim 2 of the Amended Petition is exhausted.

However, because Claims 1, 3 and 4 of the Amended Petition are unexhausted and habeas petitions containing unexhausted claims generally must be dismissed, see Rose, 455 U.S. at 522, this Court also **RECOMMENDS** that Respondent's motion to dismiss the Amended Petition be **GRANTED** on this basis.[9]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) granting Respondent's Motion to Dismiss, and (3) dismissing this action in its entirety.

**IT IS ORDERED** that no later than **December 27, 2007** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

---

[9] On November 8, 2006, this Court issued a Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations in this case.  Doc. No. 3.  Therein, the Court notified Petitioner that "[g]enerally, applications for writs of habeas corpus that contain unexhausted claims must be dismissed." Id. at 1 (citing Rose, 455 U.S. at 522).  The Court further informed Petitioner that if he knew of one or more claims in his federal petition that were unexhausted, he should consider either (1) filing a request for voluntary dismissal of the unexhausted claims or (2) filing a request for dismissal without prejudice of the current federal action and returning to state court to exhaust the unexhausted claims.  Id. at 3.  Petitioner did not exercise either of these options.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 18, 2008.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: December 4, 2007

*Barbara L. Major* (signature)

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE IRMA E. GONZALEZ
UNITED STATES DISTRICT JUDGE

ALL COUNSEL AND PARTIES