# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WESLEY W. HUNTER, | CASE NO. 06cv2414 |
|---|---|
| Petitioner, | **ORDER:** |
| vs. | **(1) ADOPTING THE REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE; (Doc. No. 33.)** |
| | **(2) REJECTING PETITIONER'S OBJECTIONS; (Doc. No. 35)** |
| JAMES E. TILTON, MICHAEL KNOWLES, and BILL LOCKYER, Attorney General of the State of California, | **(3) GRANTING RESPONDENTS' MOTION TO DISMISS THE PETITION; (Doc. No. 24) and** |
| Respondents. | **(4) DENYING CERTIFICATE OF APPEALABILITY.** |

Petitioner Wesley W. Hunter ("petitioner"), a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition challenges a prison disciplinary action taken against him in which he received a Rules Violation Report for battery on a peace officer and forfeited 150 days of behavioral credits. This matter was referred to United States Magistrate Judge Barbara L. Major pursuant to 28 U.S.C. § 636(b)(1)(B). On December 4, 2007, Magistrate Judge Major issued a Report and Recommendation ("Report") recommending the Court deny the petition. (Doc. No. 33.) Petitioner filed objections to the Report on January 15, 2008. (Doc. No. 35.)

1    Following de novo review of petitioner's claims, the Court finds Magistrate Judge Major's
2 Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition.
3 For the reasons explained below, the Court: (1) adopts in full Magistrate Judge Major's Report; (2)
4 rejects the petitioner's objections; (3) grants respondents' motion to dismiss the petition; and (4)
5 denies a certificate of appealability.

## BACKGROUND

Factual Background

The magistrate judge accurately summarized the facts of petitioner's case. While incarcerated at Centinela State Prison Facility, petitioner intentionally bumped his chest against the chest of Correctional Officer Quinn during a verbal altercation on April 22, 2002. Correctional Officer Gutierrez, assigned to investigate the incident, issued petitioner a Rules Violation Report ("RVR") for battery on a peace officer on May 8, 2002. At a hearing on May 22, 2002, Correctional Lieutenant Granish found petitioner guilty by a preponderance of the evidence, and assessed a forfeiture of 150 days of behavioral credits. The Director of the Department of Corrections granted petitioner's appeal in part on March 24, 2003 and remanded for a new hearing. At a hearing held May 20, 2003, Correctional Lieutenant Daubenspeck found petitioner guilty and petitioner again forfeited 150 days of behavioral credits. The Director denied petitioner's second round of appeals on November 18, 2003. Warden G. J. Giurbino granted petitioner's third appeal, specifically directed at the classification score resulting from the RVR, on January 26, 2004. As a result, correctional staff deducted eight points from petitioner's custody classification score.

Petitioner filed a petition for writ of habeas corpus to the Superior Court. The court denied the writ on March 25, 2005. On May 23, 2005, the California Court of Appeal denied petitioner's appeal of the denial of the writ. Petitioner then filed a writ of habeas corpus to the California Supreme Court on May 10, 2006, which the court denied on June 14, 2006.[1]

---

[1] The writ petitioner filed that day with the California Supreme Court related to a distinct RVR for possession of a controlled substance. Petitioner claims to have filed two writs on the same day relating to separate RVRs which were then consolidated due to a clerical error, and thus his claims with respect to the battery RVR were never filed. Petitioner filed another petition in the California Supreme Court raising separate claims related to the battery RVR on October 25,

Federal Procedural Background

Petitioner filed a federal petition for writ of habeas corpus on October 30, 2006 (Doc. No. 1) which the Court dismissed due to petitioner's failure to pay the filing fee and name a proper respondent. (Doc. No. 2.) After two extensions of time, petitioner filed a first amended petition on April 13, 2007. (Doc. No. 15.) Respondents filed a motion to dismiss on July 11, 2007. (Doc. No. 24.) Petitioner opposed the motion on September 14, 2007. (Doc. No. 30.) On December 4, 2007, Magistrate Judge Major issued a Report recommending the motion to dismiss be granted. (Doc. No. 3.) Petitioner filed objections to the Report on January 15, 2008. (Doc. No. 35.)

DISCUSSION

Respondents have filed a motion to dismiss the instant petition on the grounds (1) the petition is barred by the statute of limitations and (2) petitioner has failed to exhaust his state court remedies. The magistrate judge recommended the Court dismiss the petition on either of these grounds.

1.   Statute of Limitations

Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state court prisoner may only file a federal petition for writ of habeas corpus within the one-year statutory period of limitations. 28 U.S.C. § 2244(d). The statute of limitations applies to habeas petitions contesting administrative decisions. Shelby v. Barlett, 391 F.3d 1061, 1063 (9th Cir. 2004). The period runs from the later of four dates: the date the judgment became final upon direct review, the date a state-created impediment to filing such an application is removed, the date a constitutional right was initially recognized, or the date the factual predicate of the claim could have been discovered. Id. § 2244(d)(1)(A)-(D).

Magistrate Judge's Report

The magistrate judge found the statute of limitations began to run on November 14, 2003, the date the Department of Corrections denied petitioner's second round of appeals. The magistrate judge found statutory tolling applied from October 27, 2004, to May 23, 2005, while

---

2006, which was denied on November 15, 2006.

1  petitioner's state petition for writ of habeas corpus was pending. The magistrate judge then found
2  petitioner was entitled to equitable tolling for the period in which the Department of Corrections
3  transferred him between prisons and thus he had no access to his legal materials, from July 26,
4  2006 through September 29, 2006. Despite petitioner's entitlement to these periods of tolling,
5  more than one year passed in which the limitations period was not tolled. The magistrate judge
6  therefore recommended the petition be denied.

7  Petitioner's Objections

8  Petitioner objects that the limitations period should be tolled for several additional periods
9  of time, which total more than 23 months. (Objections at 1-2.) Petitioner argues the period from
10 April 1, 2004, through September 16, 2004, should be tolled because his "access to the law library
11 and legal materials [was] limited" and he was "just then learning of the writ process." (Petitioner's
12 Opp. to Motion to Dismiss at 2.) Petitioner also argues he is entitled to tolling for the period from
13 September 2, 2005 through "late March/early April of 2006," while petitioner was in
14 administrative segregation. Finally, petitioner argues the Report incorrectly began the limitations
15 period after his second round of administrative appeals, rather than at the conclusion of this third
16 appeal.

17 Analysis

18 In order to establish his right to equitable tolling, petitioner must establish his diligent
19 pursuit of his rights and also that "extraordinary circumstances beyond [his] control . . . made it
20 impossible to file a petition on time." Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001)
21 (internal numbering omitted). Limited access to legal materials does not constitute "extraordinary
22 circumstances" justifying equitable tolling, especially where petitioner did not formally request
23 legal materials and where limitations on his access were only for part of a lengthy period of time.
24 See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[W]e [recently] rejected the argument
25 that lack of access to library materials automatically qualified as grounds for equitable tolling.");
26 Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (finding no equitable tolling for one-month
27 period of time in which petitioner had no access to legal materials because he later had eleven
28 months of access); see also Williams v. Sheperd, 238 F. App'x 260, 261 (9th Cir. 2007) (declining

1 to toll statute because petitioner did not "formally challenge his allegedly limited library access
2 with prison authorities" and "made only sporadic and minimal efforts to obtain his case
3 materials").  Accordingly, the Court agrees with the Report and finds that this time should not be
4 tolled.

5 Because this time is not tolled, the petition is untimely even if the Court accepts all of
6 petitioner's other arguments.  If the limitations period began at the time petitioner's third appeal
7 was granted, on January 26, 2004, nine months elapsed before petitioner filed his state court
8 petition on October 27, 2004.  Moreover, more than six months admittedly elapsed in between the
9 periods which petitioner claims should be tolled due to his movement between prisons and
10 placement in administrative segregation.  Accordingly, at least fifteen months passed in which
11 petitioner is not entitled to any tolling, and the petition is barred by AEDPA's one-year statute of
12 limitations.

13 2.  Lack of Exhaustion

14 The Report also recommended the petition be dismissed because petitioner has not
15 presented claims one, three, and four of the Amended Petition to the California Supreme Court.
16 Because the petition is barred by AEDPA's statute of limitations, the Court does not address this
17 alternative basis for dismissal.

18 3.  Certificate of Appealability

19 A petitioner complaining of detention arising from state court proceedings must obtain a
20 certificate of appealability to file an appeal of the final order in a federal habeas proceeding.  28
21 U.S.C. § 2253(c)(1)(A).  The district court may issue a certificate of appealability if the petitioner
22 "has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  To
23 make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would
24 find the district court's assessment of the constitutional claims debatable[.]'"  Beaty v. Stewart,
25 303 F.3d 975, 984 (9th Cir. 2002) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).
26 Petitioner has not made a "substantial showing" as to any of the claims raised by his petition, and
27 thus the Court sua sponte denies a certificate of appealability.
28 //

CONCLUSION

The Court therefore REJECTS petitioner's objections, ADOPTS the magistrate judge's report, GRANTS respondents' motion to dismiss, and DENIES petitioner a certificate of appealability. The Clerk of the Court is ordered to close the case.

**IT IS SO ORDERED.**

**DATED: March 14, 2008**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge
United States District Court**